UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARL SHEPPARD,

    Petitioner,

v.                                      CASE NO. 6:06-cv-579-Orl-18JGG

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1, filed April 28, 2006). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8, filed August 24, 2006). Petitioner did not file a reply to the response.

Petitioner alleges a single claim for relief in his petition -- that his sentence is excessive in contravention of the United States Constitution. (Doc. No. 1 at 6). Due to the untimeliness of his petition for habeas corpus relief, the Court cannot reach the merits of Petitioner's claim.

### *Procedural History*

On October 16, 1997, a jury found Petitioner guilty of one count of sale or delivery of cocaine and one count of cocaine possession. (Appendix A at 44-45). On December 16,

1997, the trial court adjudged Petitioner guilty and sentenced him as a habitual felony offender to nine years imprisonment on count one and five years imprisonment on count two. (Appendix A at 1-10 & 52-58). Petitioner's sentence was *per curiam* affirmed on August 18, 1998. *See Sheppard v. Florida*, 719 So. 2d 917 (Fla. 5th DCA 1998). Mandate issued on September 4, 1998. *Id.*

On April 24, 1998,[1] while his direct appeal was pending, Petitioner filed a motion for post-conviction relief. (Appendix F at 14-16). The trial court dismissed Petitioner's motion on May 4, 1998 -- before Petitioner's direct appeal was complete. (*Id.* at 17-18).

After completion of his direct appeal, Petitioner filed two motions for post-conviction relief in state court. The first motion was filed pursuant to Florida Rule of Criminal Procedure 3.850 on May 19, 1999. (Appendix F at 19-37). The trial court held an evidentiary hearing, (*Id.* at 79-84), and in Orders dated July 1, 1999, and November 8, 1999, the trial court denied Petitioner's first motion for post-conviction relief. (Appendix F at 38-41 & 85-92). The trial court's judgment was affirmed *per curiam*, and mandate issued on April 30, 2001. *See Sheppard v. Florida*, 781 So. 2d 1195 (Fla. 5th DCA 2001).

Petitioner filed his second motion for post-conviction relief on May 4, 2005. (Appendix K). On August 10, 2005, the trial court summarily denied Petitioner's second

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

2

motion. (Appendix L). Petitioner attempted to file an untimely appeal, which was rejected by the appellate court. *Sheppard v. Florida*, 918 So. 2d 973 (Fla. 5th DCA 2005). The appellate court then denied Petitioner's motion for rehearing, (Appendix P & Q), and mandate issued on February 6, 2006. (Appendix R).

Petitioner initiated the instant federal habeas corpus action on April 25, 2006. (Doc. No. 1).

### *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on August 18, 1998. Petitioner then had ninety days, or through November 16, 1998, to petition the United States Supreme Court for writ of certiorari. See Sup. Ct. R. 13.[2] Thus, under §2244(d)(1)(A), the judgment of conviction became final on November 16, 1998, and Petitioner had through November 16, 1999, absent any tolling, to file a federal habeas corpus petition. See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired).

### Tolling

Under § 2244(d)(2), the one-year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Assuming that Petitioner's first Rule 3.850 motion was properly filed, the time was tolled for a total of 711 days (from May 19,

---

[2]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

4

1999 to April 30, 2001). Absent further tolling, Petitioner had through October 28, 2001 (711 days from November 16, 1999) to file his federal habeas corpus petition.

Petitioner is not entitled to further tolling. The Court is aware that Petitioner filed a second state habeas corpus petition on May 4, 2005; however, since the one-year period concluded before Petitioner initiated that proceeding, the tolling provision of section 2244(d)(2) does not apply. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").[3] Thus, the one-year statute of limitations was tolled for only 711 days, giving Petitioner through October 28, 2001, to file his federal habeas corpus petition. Petitioner's April 25, 2006, habeas corpus petition was not timely filed and must be denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

*Conclusion*

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED WITH PREJUDICE**.

---

[3]Similarly, the motion Petitioner filed while his direct appeal was pending does not toll because: (1) petitioner's judgment was not final until the conclusion of his appeal; and (2) the motion was not properly filed as it did not contain the oath required by Florida law. *See Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because [petitioner's] state post-conviction motion was not properly filed according to the state court's application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled.").

5

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this ___4___ day of December, 2006.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
pslc 12/4
Carl Sheppard
Counsel of Record

6